Following several months of leave due to cancer treatment, the plaintiff's employment was terminated. She brought an action in the Superior Court against her former employer, 4M Fruit Distributors, Inc. (4M); Mark DeFrancesco (Mark[3] ), the owner and president of 4M; and Maria DeFrancesco (Maria), the office manager of 4M (collectively, the defendants), alleging handicap discrimination in violation of G. L. c. 151B, and aiding and abetting handicap discrimination. A judge allowed the defendants' motion for summary judgment, concluding that the plaintiff was not a "qualified handicapped person" as she was unable to perform the essential functions of her job at the time she was terminated, and that the defendants had no obligation to keep her position open indefinitely. The plaintiff now appeals. We vacate in part and affirm in part.
Background. We briefly summarize the critical facts, viewed in the light most favorable to the plaintiff. See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016).[4] The plaintiff began working as a billing clerk for 4M in 2000. In September of 2011, she was diagnosed with head and neck cancer. On November 4, 2011, she took a medical leave of absence to receive treatment including radiation and chemotherapy. The radiation and chemotherapy treatments ended on or about November 22, 2011.
The plaintiff then received several open-ended grants of leave from the defendants,[5] who gave their assurance as late as March of 2012 that she still had a job. During this leave period, Mark told the plaintiff that he was afraid that his health insurance premiums would increase because of her cancer. On April 17, 2012, the plaintiff spoke to Louis Simonelli, then the owner of twenty-five percent of 4M, and told him that she had a letter stating that she could return to work.[6] Simonelli told her to speak to Maria, who directed her to speak to Mark. The plaintiff advised Mark that she had a doctor's note clearing her to return to work. He replied that 4M no longer had any work for her. The parties agree that the plaintiff was terminated on April 17, 2012.
Discussion. To prevail on a motion for summary judgment, the moving party bears the burden of demonstrating that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Bulwer, supra; Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). In considering such a motion, we view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. See Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474-475 (2013).[7] Additionally, our review is de novo. See Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 395 (2016).
To establish a prima facie case of employment discrimination on the basis of handicap, the plaintiff "must show that he or she suffered an adverse employment action, that he or she has a 'handicap,' as defined in G. L. c. 151B, § 1, that he or she is a 'qualified handicapped person,' as defined in § 1, and that the adverse action was taken because of his or her handicap." See Gannon v. Boston, 476 Mass. 786, 795 (2017). See also Dartt v. Browning-Ferris Indus., Inc. (Mass.), 427 Mass. 1, 3 (1998). The critical issue in this case is whether the plaintiff can establish that she was a "qualified handicapped person" under G. L. c. 151B, § 1(16). A "qualified handicapped person" is defined as "a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap." Ibid. Employees are not entitled to unlimited leaves of absence, but a request for a limited extension of time may constitute a reasonable accommodation in some circumstances. See Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 455-456 (2002). An employer's refusal to provide reasonable accommodation during the interactive process, once initiated as it was here, violates G. L. 151B, § 4(16). See Russell, supra at 457-458.
Here, a genuine issue of material fact exists as to whether the plaintiff was a qualified handicapped person within the meaning of the statute. Through a combination of her own testimony and the doctor's letter, the plaintiff provided evidence that on the date of her termination, she was capable of performing the essential functions of her billing clerk position with reasonable accommodation (i.e., a short extension of her leave until April 23, 2012). The judge concluded, however, that the doctor's letter did not support her claim because the plaintiff "has not produced any evidence from which this court could reasonably infer that she received the letter prior to April 23, 2012." We disagree.
The plaintiff repeatedly testified that she received the letter on April 17, 2012. Although the letter is dated April 23, six days after she was terminated, the plaintiff averred that she had the letter in hand on April 17 and that it was dated for the 23rd (the following Monday) because that was the day she was cleared to return to work. The judge discounted this assertion as being supported only by the plaintiff's "unsupported conclusory allegation." Contrary to this view, the plaintiff's deposition testimony, while perhaps implausible and contrary to the majority of the record evidence, constituted more than a general denial or conclusory statement. Although the judge's conclusion was understandable, he was not free to make a credibility assessment or resolve factual disputes at this stage of the proceedings. This is particularly so where the factual dispute concerned a determinative issue in this case: whether the plaintiff was qualified to perform the essential functions of her job at the time of termination. If she had the doctor's letter in hand on April 17, and was indeed ready to return to work with a one-week accommodation, then she was potentially a qualified handicapped person under the statute. Accordingly, there was a triable issue of fact, which precludes summary judgment.
The defendants contend that even if the plaintiff had received medical clearance to return to work as of April 17, summary judgment was still appropriate because 4M had already eliminated her position. See Gannon, 476 Mass. at 793 n.4. We disagree. There is no evidence in the summary judgment record delineating the specific date on which the defendants eliminated or decided to eliminate the plaintiff's position.[8] Accordingly, there was a material dispute of fact as to whether the defendants decided to eliminate her position before she was terminated, or in reaction to her news that she was ready to return.
Finally, the plaintiff maintains that her aiding and abetting claim against the DeFrancescos was wrongly dismissed on summary judgment. See G. L. c. 151B, § 4(5). We disagree. In the context of an aiding and abetting action brought under c. 151B, the plaintiff must show, in relevant part, an individual and distinct wrong, separate from the underlying claim of discrimination. See Lopez v. Commonwealth, 463 Mass. 696, 713-714 (2012). In the present case, the evidence viewed in the light most favorable to the plaintiff fails to show that either individual defendant committed a "wholly individual and distinct wrong ... separate and distinct from the claim in main." Id. at 713 (quotation omitted). See Jupin v. Kask, 447 Mass. 141, 159 n.17 (2006) ("[W]e may affirm the grant of summary judgment on any ground apparent from the summary judgment record").
In sum, we conclude that genuine issues of material fact preclude a conclusion that the plaintiff is not a qualified handicapped person as a matter of law.[9] Accordingly, so much of the judgment as dismisses the claim of handicap discrimination is vacated, and the judgment is otherwise affirmed. The case is remanded for further proceedings in accordance with this memorandum and order.
So ordered.
Vacated in part; affirmed in part and remanded.

For convenience we sometimes employ first names for the DeFrancescos.

The facts are taken from the consolidated statement of material facts.

On several occasions between November of 2011 and March of 2012, the plaintiff spoke to either Mark or Maria about her ability to return to work. The defendants never imposed a deadline for her return, and the plaintiff did not provide an exact date by which she could come back. Instead, the plaintiff stated in most of these discussions that she would "probably" be able to return to work within a few weeks. In early April, 2012, Maria informed the plaintiff that she would need a doctor's note in order to return to work.

Louis Simonelli died at some point after April of 2012, but the record does not specify the date of his passing.

In the memorandum of decision on the motion for summary judgment, the judge disregarded the plaintiff's "responses and submissions not presented in the manner required by [Superior] Court Rule 9A(b)(5)" because many responses were "prolix, include argumentative and hyperbolic characterizations of the facts and legal arguments, and assert the existence of a factual dispute but [do] not cite to supporting evidentiary material." Nonetheless, the court reviewed and considered "all evidentiary materials submitted to determine whether any genuine dispute of material fact exists." This approach was within the judge's discretion.

Maria's deposition testimony reflects that Mark decided to "terminate" the plaintiff "in April" because the plaintiff's "position was no longer needed." Mark testified that he terminated the plaintiff "[s]ometime in April."

The defendants argue that this case epitomizes the maxim, "no good deed goes unpunished." While we offer no opinion as to the accuracy of the defendants' contention, portions of the undisputed facts reflect that the defendants provided periods of extended leave to the plaintiff. Our decision should not be read to imply otherwise. We only hold that genuine issues of material fact, as discussed herein, preclude summary judgment as to the handicap discrimination claim.